# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:99-CR-486 CAS |
| | ) | |
| DARRELL HENRY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court are two pro se motions filed by defendant Darrell Henry Williams in the above-captioned criminal matter requesting the return of seized property, namely a 1989 Jeep Cherokee (VIN# 1J4FJ38L7KL477771). [Docs. 266 & 267] The government responded to a court order that the vehicle in question was seized by the United States Marshals Service on May 29, 2000, following the arrest of Mr. Williams. And that upon examination of the vehicle by the St. Louis Metropolitan Police Department, it was determined the vehicle had been stolen and re-tagged, whereupon the Jeep Cherokee was returned to the insurance company that had paid the loss claim.

While Mr. Williams challenges lack of notice prior to forfeiture of his alleged property, the government no longer has possession of the property at issue. Although the government's lack of possession does not moot a Rule 41(g) proceeding, a remedy, such as monetary damages, may not be available because Rule 41(g) proceedings are equitable in nature. United States v. Hall, 269 F.3d 940, 943 (8th Cir. 2001) (indicating Rule 41(g), which was formerly numbered 4(e), lacks an explicit waiver of the United States' sovereign immunity, thereby barring money damages under its provisions). Under such circumstances, the Eighth Circuit has directed that "when a district court conducting a Rule 41[(g)] proceeding learns that the government no longer possesses property that is the subject

of the motion to return, the court should grant the movant . . . an opportunity to assert an alternative claim for money damages." Id.

Therefore, the Court will deny Mr. Williams's two motions for return of property without prejudice. Mr. Williams may file a civil complaint, subject to the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915, requesting the appropriate monetary relief for his alleged loss. Pena v. United States, 122 F.3d 3, 4-5 (5th Cir. 1997). Should Mr. Williams chose to file a civil complaint, he will be required to submit the $350.00 filing fee or a motion for leave to proceed in forma pauperis. See Local Rule 2.01(B). The Clerk of Court shall send Mr. Williams a form civil complaint and a form motion to proceed in forma pauperis and affidavit in support, along with a copy of this order.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Williams's two motions for return of property are denied without prejudice. [Docs. 266 & 267]

**IT IS FURTHER ORDERED** that defendant Williams may file a civil complaint requesting the appropriate monetary relief associated with the confiscation of his alleged property. Should Mr. Williams chose to file a civil complaint, he shall submit to the Clerk either: (1) $350.00 filing fee, or (2) a motion for leave to proceed in forma pauperis, an affidavit in support, and a certified copy of his prisoner account statement.

**IT IS FURTHER ORDERED** that the Clerk shall forward, together with a copy of this order, a form civil complaint and a form "motion to proceed in forma pauperis and affidavit in support – prisoner cases" to Mr. Williams.

_____

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>13th</u> day of September, 2007.